**BLUE DIAMOND CO. OF DALLAS v. VERHALEN NURSERY CO.**

No. 2674.

Court of Civil Appeals of Texas. El Paso.
June 16, 1932.

Rehearing Denied July 7, 1932.

J. L. Lipscomb, W. F. Johnson, and McBride, O'Donnell & Hamilton, all of Dallas, for appellant.

Thos. G. Murnane, of Dallas, for appellee.

HIGGINS, J.

This is a suit by Verhalen Nursery Company, Ray and S. J. Verhalen, against the Blue Diamond Company and Micolithic Company of Texas, for damages resulting in a judgment against the Blue Diamond Company for $1,678.55, from which said company appeals.

The Micolithic Company is the manufacturer of certain plastering and stuccoing material known as Micolithic. The Blue Diamond Company retails such product. Same was used in the construction of a building erected by appellee. It was alleged the Micolithic material was purchased and used in the construction of the building upon certain representations concerning its quality and fitness for the purpose for which it was purchased and used; that such representations were relied upon and same were false; that the Micolithic was unfit for the purpose used and had to be removed from the building.

It was alleged by plaintiffs that the building was built according to plans and specifications prepared by John Carpenter, an architect. The evidence shows the original plans and specifications called for metal lath as a base for the plastering upon the interior of the building and subsequently the plans and specifications in this respect were changed so as to call for Celotex as the interior base. The evidence further shows that the Micolithic did not adhere to the Celotex base and such a base is not suitable for the use of Micolithic.

Issues 1 and 2 read:

(1) "Do you find and believe from a preponderance of the evidence that Mr. Carpenter informed Mr. Self, prior to the purchase of any material in question, that he was going to use in the building, Celotex without metal lath as a base surface for the application of Micolithic material?"

(2) "Do you find and believe from a preponderance of the evidence that Mr. Self, prior to the purchase of any of the material in question, stated unconditionally and absolutely to Mr. Carpenter that the Micolithic material would adhere to Celotex without the use of metal laths?"

Both of these issues were answered in the affirmative.

Other issues submitted and findings thereon need not be stated. Mr. Self, referred to in the issues, was the representative of the appellant.

Appellant's first three propositions read:

(1) "Appellee having plead that the materials were sold to it to be used in accordance with its plans and specifications, the plans and specifications having provided for the application on metal laths or masonry, and the judgment being based upon findings of the jury that the material was sold to be used upon Celotex without metal laths, which cause of action was not plead by appellee, the judgment is without support in the pleadings and should not stand."

(2) "The appellee having charged in its petition that the material was purchased by it and sold by appellant to be used in accordance with its plans and specifications, and not having plead a change in the specifications from a provision requiring metal laths as a base for the plastering material to Celotex without metal laths as a base, the special issue No. 1 submitted by the court inquiring whether or not the appellee's agent had informed the appellant's agent that he was going to use in the building Celotex without metal laths as a base surface for the application of Micolithic material, was without support in the pleadings."

(3) "Appellee having plead that the material was sold by appellant to be used in accordance with plans and specifications prepared by appellee's architect, and the uncontradicted evidence showing that where the material sold by the appellee was so used a satisfactory result was obtained, and the only unsatisfactory result was in consequence of using the material on Celotex without metal laths, there was no support in the pleadings for the court's special issue No. 2 inquiring whether or not Self, the agent of appellant, represented that the material sold by him would adhere to Celotex without the use of metal laths."

■ The propositions present no error. The matter referred to therein does not present a case of a judgment without pleadings to support the same. The change in the original plans and specifications from metal laths to Celotex was affirmative defensive matter.

■ The issue referred to in the fourth proposition was immaterial. For this reason the refusal to submit such issue presents no error.

The evidence shows false representations by appellant's representatives. The fifth proposition is therefore founded upon a false premise of fact.

The sixth proposition is also based upon a false premise of fact and presents no error.

Affirmed.