BLUE DIAMOND COMPANY V. VERHALEN NURSERY COMPANY.

No. 6367. Decided April 10, 1935.
Rehearing overruled May 15 1935.
(81 S. W., 2d Series, 1001.)

*McBride, O'Donnell & Hamilton,* of Dallas, for plaintiff in error.

On proposition that proof did not support allegations: Texas & N. O. Ry. Co. v. Conn, 30 S. W. (2d) 939; Southern Sur. Co. v. Martin, 16 S. W. (2d) 929; Blalock v. Jones, 1 S. W. (2d) 400.

*Thos. G. Murnane,* of Dallas, for defendant in error.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was filed in the District Court of Dallas County, Texas, by Verhalen Nursery Company, a corporation, and Ray and S. J. Verhalen, against Blue Diamond Company and Micolithic Company, both corporations, to recover damages on account of certain alleged false representations made by the defendants and their agents concerning certain plaster material known as Micolithic. The case was submitted to a jury on special issues in the trial court, and based on the answers of the jury to such issues, judgment was rendered for Verhalen Nursery Company against Blue Diamond Company for $1678.55. Judgment was for Micolithic Company, and the two Verhalens as individuals were denied any recovery. On appeal by Blue Diamond Company this judgment was affirmed by the Court of Civil Appeals, 52 S. W. (2d) 103.

We shall hereafter refer to Verhalen Company as plaintiff and to Blue Diamond Company as defendant.

Plaintiff's petition alleged that it was erecting or preparing to erect a building in accordance with plans and specifications prepared by John W. Carpenter, an architect; that the defendant thoroughly familiarized itself with such plans and specifications; that such plans and specifications called for plastering on the walls and ceiling of such building; that defendant sought to sell plaintiff such plastering; that the thing plaintiff sought to sell was known as Micolithic; that such material was new and its fitness unknown to the plaintiff and its architect; that defendant represented to the plaintiff that such material was first class and would meet its needs, and would finish first class and adhere to the walls of plaintiff's building as provided by the above mentioned plans and specifications and that relying on such representations plaintiff purchased such plastering material and had it applied to the walls of its said building by skilled workmen in a proper way. It is then alleged that the representations made by the defendant were false and untrue;

that such plaster was not suitable for the walls of plaintiff's building and cracked and came off and was otherwise defective and unsuitable. It is then alleged that after such plastering material had been applied it had to be removed and the walls otherwise finished.

It is not necessary to detail the contents of defendant's answer. It is sufficient to say that it controverted the plaintiff's petition.

In answer to pertinent questions propounded to them by the Court the jury found:

(a) That before plaintiff purchased the material in question here from the defendant, defendant knew that such material was to be applied to Celotex, and was not to be applied to metal lath.

(b) That before the purchase of this material by the plaintiff the agent of the defendants stated unconditionally and absolutely to the agent of the plaintiff that this material would adhere to Celotex without the use of metal lath.

(c) That plaintiff relied on the above representations in purchasing this material; that such material was unfit for the purpose for which it was sold.

The jury made certain other findings not necessary to detail here. The findings we have mentioned are sufficient to understand the law question decided in this opinion.

The application for the writ of error contains several assignments of error, but they all amount to one contention, which is: That there was a fatal variance between the allegations of the plaintiff's petition and the evidence offered in support thereof. In regard to this matter the defendants contend that the plaintiff sought to recover by alleging that this material was sold to be used as required by plans and specifications made by the plaintiff's architect, and that the proof showed conclusively that after the sale was made the material was not applied to metal lath as called for by said plans and specifications, but instead was applied to Celotex, an entirely different thing, not called for by such plans and specifications.

An examination of the plaintiff's petition shows that it alleged that the material in question here was sold to be used on the walls of this building as said walls were set out and described in the plans and specifications as prepared by the plaintiff's architect. We think an examination of the statement of facts shows that there was ample evidence before the jury to warrant a finding that at the time this material was sold by the defendant to the plaintiff, it, defendant knew, and had been

informed that it was to be used and applied to Celotex and not to metal lath. In this respect we think the proof substantially follows the allegations of the petition. We further think that the record contains ample evidence to support a conclusion that before the plaintiff purchased this material the defendant knew that the plans of the architect called for the plastering to be applied over Celotex and not over the metal lath. In regard to the above matter the record shows that Mr. John W. Carpenter testified that he prepared the plans and specifications for this building; that he talked to the representative of the defendant with reference to this material; that he decided to use Celotex on the walls before such walls were started; that he told the agent of the defendant that he was going to use Celotex on said walls; that said agent said that this material would be perfectly satisfactory and would stick to Celotex walls; that he told such agent that he planned to use such plastering material applied direct to the Celotex; that the agent of the defendant replied that it, Micolithic, would adhere to anything, and it did not make any difference to the company what they put it on, it would stay; that this was before any Micolithic material arrived and before the same had been bought. There is much other evidence in the record bearing on the question as to whether the defendant's agent knew that Celotex was to be used instead of metal lath. It is sufficient to say that the record contains ample evidence tending to show that the defendant knew at the time it sold this material that it was to be applied to Celotex and not to metal lath. There is further ample evidence in the record to show that this material would not and did not adhere to the Celotex and that it had to be removed at great expense to the plaintiff.

Believing that the record contains evidence of probative force substantially supporting the allegations of plaintiff's petition the judgments of the district court and Court of Civil Appeals are both affirmed.

Opinion adopted by the Supreme Court April 10, 1935.

Rehearing overruled May 15, 1935.